**Femi BOGLE–ASSEGAI,**
**Plaintiff–Appellant,**

v.

**COMMISSION ON HUMAN RIGHTS & OPPORTUNITIES, State of Connecticut; Joseph A. Jordano, in his individual and official capacities, Defendants–Appellees.**

No. 08–3369–cv.

United States Court of Appeals,
Second Circuit.

June 19, 2009.

Josephine S. Miller, Danbury, CT, for Appellant.

Philip Miller, Assistant Attorney General, of counsel to Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT (Joseph A. Jordano, Assis-tant Attorney General, on the brief), for Appellees.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and BARRINGTON D. PARKER, Circuit Judges.

Femi Bogle–Assegai appeals from a judgment of the district court that dismissed her civil rights complaint against the Connecticut Commission on Human Rights ("CHRO") and Connecticut Assistant Attorney General Joseph A. Jordano. We assume the parties' familiarity with the facts, prior proceedings, and their specification of issues on appeal.

The district court correctly dismissed Bogle–Assegai's claims against Jordano because any misstatements he is alleged to have made were made in the course of defending the state against civil liability. *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir.1986). Even if Jordano's statements were "questionable or harmful," the claims must be dismissed because "[t]he immunity attaches to his function, not to the manner in which he performed it." *Id.*

Bogle–Assegai cannot maintain a claim for damages against CHRO, a state agency created by statute, *see* Conn. Gen. Stat. § 46a–52, unless the state has waived its right to sovereign immunity, or its immunity has been effectively abrogated by Congress. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Bogle–Assegai has not demonstrated either waiver or abrogation. She does, however, argue that she is entitled to press claims for declaratory and injunctive relief. *See Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This argument fails because although Bogle–Assegai stated in the jurisdictional section of her complaint that her action was for declaratory

and injunctive relief, she did not actually request any specific declaratory or injunctive relief.

Therefore, we affirm the judgment of the district court.